UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TROY WILLIAMS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:14CV182 SNLJ |
| | ) | |
| FRED W. COPELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, a resident at the Northwest Missouri Psychiatric Rehabilitation Center, brings this 42 U.S.C. § 1983 action against Fred. W. Copeland, a Circuit Court Judge, as well as the Pemiscot County Circuit Court.

Plaintiff's complaint is very difficult to read, but it appears that he wishes to make a complaint against Country Artist Toby Keith. He also makes an assertion about the Sears/Willis Tower in his complaint, along with a non sequitar statement about a Toyota and a DiTech Home Loan. However, none of plaintiff's allegations appear to implication the Constitution or any federal statutes.

Although a pro se complaint is to be liberally construed, the complaint must contain a short and plain summary of facts sufficient to give fair notice of the claim asserted. *Means v. Wilson*, 522 F.2d 833, 840 (8th Cir. 1975). The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Having carefully reviewed the complaint, the Court concludes that plaintiff's factual allegations are delusional and fail to state a claim or cause of action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

For these reasons, the complaint will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc.#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

A separate Order of Dismissal will be filed forthwith.

Dated this 23rd day of January, 2015.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE